


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/08

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

March 13, 2008

**BY HAND**
Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1320
New York, New York 10007

RECEIVED
MAR 14 2008
LORETTA A. PRESKA
U. S. DISTRICT JUDGE
S. D. N. Y.

    Re: Damian Byfield and Charmaine Edmondson v. City of New York, et al.
        07 CV 10499 (LAP)(GWG)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Monday, March 31, 2008 until Friday, May 30, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

    In the complaint, plaintiffs allege, *inter alia*, that on August 22, 2006, they were falsely arrested, subjected to excessive force and maliciously prosecuted by members of the New York City Police Department.

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiffs for execution releases for their medical records. Additionally, as the complaint indicates that the charges against the plaintiffs were dismissed, this office will be forwarding to plaintiffs for execution consents to the designation of the Corporation Counsel as plaintiffs' agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiffs' arrests and/or prosecutions, including even our own police records, are sealed. Defendant cannot obtain these records without the designation and medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

So ordered
Loretta A. Preska, USDJ
March 14. 2008

Second, defendants City of New York and Raymond Kelly have been served with process. However, upon information and belief, the remaining defendants have not yet been served. The extension should allow time for plaintiff to serve these defendants with process, for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to May 30, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc:   Nicole Bellina, Esq. (by ECF and fax)