UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DAMIAN BYFIELD AND CHARMAINE
EDMONDSON,

           Plaintiffs,

       -against-

CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, INSPECTOR THOMAS HARRIS,
POLICE OFFICER MIKE CIVIL, POLICE OFFICER
MICHAEL BRIGGS, POLICE OFFICER JERRY ORTIZ,
POLICE OFFICER JENNYANN NELSON, POLICE
OFFICER SHAWN KALLOFF, JOHN DOES #1-2,

            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 10499 (LAP)(GWG)

<u>Jury Trial Demanded</u>

Defendants City of New York and Raymond Kelly[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the Complaint.

    3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

    4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

    5.  Deny the allegations set forth in paragraph "5" of the Complaint.

---

[1] Upon information and belief, Inspector Thomas Harris, Mike Civil, Michael Briggs, Jerry Ortiz, Jennyann Nelson and Shawn Kalloff, have not been served with process and, therefore, are not parties to this action.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base the venue of this action as stated therein.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

9.     Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is employed by the City of New York as Commissioner of the New York City Police Department.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Thomas Harris is employed by the City of New York as a Police Inspector.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Mike Civil, Michael Briggs, Jerry Ortiz, Jennyann Nelson and Shawn Kalloff are employed by the City of New York as police officers.

12.     Paragraph "12" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.

13.     Deny the allegations set forth in paragraph "13" of the Complaint except admit that a document purporting to be a notice of claim was received by the City of New York on September 5, 2006 and that the claims have not been settled.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

2

17.    Deny the allegations set forth in paragraph "17" of the Complaint.

18.    Deny the allegations set forth in paragraph "18" of the Complaint, including its subparts.

19.    In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

20.    Deny the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

23.    Deny the allegations set forth in paragraph "23" of the Complaint.

24.    Deny the allegations set forth in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint.

28.    Deny the allegations set forth in paragraph "28" of the Complaint.

29.    Deny the allegations set forth in paragraph "29" of the Complaint.

30.    In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

31.    Deny the allegations set forth in paragraph "31" of the Complaint.

32.    Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Paragraph "41" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.   To the extent a response is required, defendants admit that plaintiff was arrested on August 22, 2006.

42.     Paragraph "42" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

53.    Deny the allegations set forth in paragraph "53" of the Complaint.

54.    In response to the allegations set forth in paragraph "54" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

55.    Deny the allegations set forth in paragraph "55" of the Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendants have governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61.    Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62.    At all times relevant to the acts alleged in the Complaint, the City's employees acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63.    Plaintiffs' claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

64.    The individual defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65.    Venue does not properly lie in this district.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66.    There was probable cause for plaintiff's arrest, detention and/or prosecution.

WHEREFORE, defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             May 30, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants City of New York and
                            Raymond Kelly
                            100 Church Street
                            New York, New York 10007
                            (212) 227-0414

                            By:
                               Karl J. Ashanti (KA 4547)
                               Assistant Corporation Counsel
                               Special Federal Litigation Division

To:    Nicole Bellina, Esq. (By ECF and Mail)
       Stoll, Glickman, & Bellina LLP
       71 Nevins Street
       Brooklyn, NY 11217

7

## <u>DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL</u>

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury, that on **May 30, 2008**, I served the annexed **Answer** by ECF and by depositing a copy

of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office

official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York, upon the following:

       Nicole Bellina, Esq.
       Stoll, Glickman, & Bellina LLP
       71 Nevins Street
       Brooklyn, NY 11217

Dated:  New York, New York
         May 30, 2008

                                                Karl J. Ashanti
                                              Assistant Corporation Counsel

Index No.  07 CV 10499 (LAP)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIAN BYFIELD AND CHARMAINE
EDMONDSON,

                                                    Plaintiffs,

                          -against-

CITY OF NEW YORK, POLICE
COMMISSIONER RAYMOND KELLY,
INSPECTOR THOMAS HARRIS POLICE
OFFICER MIKE CIVIL, POLICE OFFICER
MICHAEL BRIGGS, POLICE OFFICER JERRY
ORTIZ, POLICE OFFICER JENNYANN
NELSON, POLICE OFFICER SHAWN
KALLOFF, JOHN DOES #1-2,

                                                    Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Karl J. Ashanti*
*Tel:  (212) 227-0414*
*NYCLIS No. 2008-001231*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................... , 200......*

*.................................................................................Esq.*

*Attorney for ...............................................................*